```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 09/30/2016
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
OWUSU MANU,                                                    :
                                                               :
                                                               :
                                              Petitioner,      :         1:16-cv-7581-GHW
                                                               :
                  -v-                                          :
                                                               :         MEMORANDUM OPINION AND
CHRISTOPHER SHANAHAN, DIANE                                    :                 ORDER
MCCONNELL, JEH JOHNSON, LORETTA                                :
LYNCH, and TISH NALLS-CASTILLO                                 :
                                                               :
                                              Respondents.     :
                                                               :
-------------------------------------------------------------- :X

GREGORY H. WOODS, United States District Judge:

On September 22, 2016, Petitioner, Mr. Owusu Manu, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). Dkt. No. 1. Petitioner has been detained by the U.S. Immigration and Customs Enforcement ("ICE") without bond for approximately four months, and seeks a bail hearing in light of his detention. Because Mr. Manu does not present a basis for the Court to conclude that his current detention violates the law, the Petition is DENIED without prejudice.

**I.     BACKGROUND**

Petitioner is a citizen of Ghana. Pet. ¶ 26. Following an incident involving his tribe, Petitioner asserts that tribal elders determined that he must be executed and "sacrificed in order to appease ancestral spirits." *Id.* Fearing for his life, Petitioner fled Ghana and eventually sought asylum in the United States. *Id.* On May 31, 2016, Petitioner presented himself to the U.S. Customs and Border Patrol in Texas. Pet. ¶ 11. Petitioner was detained promptly thereafter and was placed in removal proceedings in New York. *Id.* ¶¶ 2, 11.

On July 5, 2016, an asylum officer determined that Petitioner had established credible fear of

torture. *Id.* ¶ 27. Approximately one month later, Petitioner's counsel filed a humanitarian parole request with ICE, which ICE denied on August 24, 2016. *Id.* Petitioner submitted his application for asylum on September 27, 2016, and the immigration judge scheduled a hearing on the merits of Petitioner's application for December 13, 2016. *Id.* ¶ 28. Petitioner is currently detained in New Jersey awaiting the December 13, 2016 hearing. *Id.* ¶ 11.

## II.   DISCUSSION

The Petition's claim for relief relies exclusively on the Second Circuit's decision in *Lora v. Shanahan*, 804 F.3d 601 (2d Cir. 2015). Petitioner's sole argument is that his due process rights have been violated because his "detention *will* extend a minimum of six months and likely significantly longer." *Id.* ¶ 6 (emphasis added). He has not suggested any other basis to justify the requested relief.

In *Lora*, the Second Circuit held that "in order to avoid the constitutional concerns raised by indefinite detention, an immigrant detained pursuant to [8 U.S.C. §] 1226(c) must be afforded a bail hearing before an immigration judge within six months of his or her detention." 804 F.3d at 616. The Second Circuit elected to adopt this "bright-line rule . . . in order to avoid the constitutional concerns raised by indefinite detention." *Id.* The holding of *Lora* is limited to 8 U.S.C. § 1226(c); by its terms, the decision does not extend to 8 U.S.C. § 1225(b)(2)(A), the statute pursuant to which Petitioner is detained. The Court need not assess whether the holding of *Lora* should be expanded as suggested by Petitioner.[1] For purposes of this decision only, the Court assumes, without holding, that *Lora* applies with equal force to 8 U.S.C. § 1225(b)(2)(A).

---

[1] The Court is aware of Judge Abrams's recent decision in *Arias v. Aviles*, concluding that "the Second Circuit's decision in *Lora* dictates that the Court interpret 8 U.S.C. § 1225(b)(2)(A) to include a reasonable temporal limitation of six months on . . . detention." No. 15-CV-9249 (RA), 2016 WL 3906738, at *10 (S.D.N.Y. July 14, 2016). However, the Second Circuit has not had an opportunity to address this question, and courts in this district have reached different conclusions on the issue. *See, e.g., Cardona v. Nalls-Castillo*, No. 15-CV-9866 (SAS), 2016 WL 1553430 (S.D.N.Y. Apr. 14, 2016) (concluding that *Lora* "does not extend to individuals detained under Section 1225(b)"). The Court takes no position regarding the applicability of the Second Circuit's decision in *Lora* to individuals detained pursuant to § 1225(b)(2)(A) and need not decide that issue at this juncture.

Assuming that the six-month limitations on detentions without a bond hearing established in *Lora* applies here, Petitioner has not demonstrated that he is entitled to relief. His detention has not yet exceeded six months—he is two months shy of that mark. Therefore, as of the date of the Petition—and this order—Petitioner has not presented the Court with a basis for relief. The Court recognizes that Petitioner's next immigration court hearing is scheduled to take place on a date that exceeds the six-month mark by approximately 13 days, but the possibility of future harm does not make this matter ripe for adjudication.[2] *See Raju v. Shanahan*, No. 15-CV-7499 (RA), 2015 WL 7567455, at *4 (S.D.N.Y. Nov. 23, 2015) (denying leave to amend a petition for a writ of habeas corpus where petitioner had been detained for less than six months, and stating that "Petitioner's speculation that he will not receive a bail hearing before [the expiration of the six-month period] is just that—speculation"); *see also Chen v. Decker*, 148 F. Supp. 3d 325, 327 (S.D.N.Y. 2015) (denying a petition for a writ of habeas corpus where the petitioner had been detained pursuant to § 1226(c) for less than six months).

### III.   CONCLUSION

Because Petitioner's detention period has not exceeded the six-month period established in *Lora*, and he has not asserted any other basis for the relief sought, the Petition for a writ of habeas corpus is DENIED without prejudice.

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: September 30, 2016
New York, New York

_____
GREGORY H. WOODS
United States District Judge

---

[2] The Court observes that Petition does not demonstrate any efforts by Petitioner to request an earlier hearing date after the hearing date was scheduled by the administrative law judge, and before commencing this action. The Court will not assume that such an initiative would be fruitful.